LAW OFFICES OF PETER G. ANGELOS, P.C.
Firm I.D. #99975
James T. Fitzgerald, Esquire
PA S. Ct. I.D. No. 43178
Marla A. Macey, Esquire
PA S. Ct. I.D. No. 65774
The Wanamaker Building
100 Penn Square East
Suite 1050 - 10th Floor
Philadelphia, PA 19107
(215) 963-9333

COPIES SENT
PURSUANT TO Pa. R.C.P. 236(b)

MAY 2 3 2002

First Judicial District of Pa.
User I.D.: ____KRO____

| | | |
|---|---|---|
| Donald W. Nees, Sr. and Evelyn* | * | IN THE COURT OF COMMON |
| R Nees, his wife | * | PLEAS OF PHILADELPHIA |
| | * | COUNTY, PENNSYLVANIA |
| | * | |
| v. | * | CIVIL ACTION LAW |
| | * | ASBESTOS LITIGATION |
| | * | |
| AC&S, Inc., *et al* | * | OCTOBER TERM, 2000 |
| | * | No. 3559 |

**********************************************************

### ORDER

AND NOW, this __21st__ day of __May__ , 2002, it is

hereby ORDERED AND DECREED that Plaintiffs are granted leave to

file, within twenty (20) days, a short form amended complaint, in

accordance with the Master Pleadings, to add Defendants American

Standard, Inc., Abex Coporation, Atlantic Richfield Company, Borg

Warner Corporation, B.F. Goodrich Company, Brand Insulations,

Inc., Chevron, U.S.A., Inc. d/b/a Chevron Products Company,

Cleaver Brooks, Inc., Daimler Chrysler Corporation f/k/a Chrysler

Motors Corporation f/k/a Chrysler Corporation, Ford Motor

Company, General Electric, General Motors Corporation, H.B. Smith

Company, Inc., Honeywell International f/k/a Allied Signal Inc.

successor to Bendix Corporation, Viacom, Inc. successor by merger
to CBS Corporation f/k/a Westinghouse Electric, Weil McLain, A
Division of the Marley Company, a wholly owned subsidiary of
United Dominion Industries, Inc. and to add a premises liability
count to include defendants,  Atlantic Richfield Company and
Chevron U.S.A., Inc. d/b/a Chevron Products Company.

                                                        J.

LAW OFFICES OF PETER G. ANGELOS, P.C.
Firm I.D. #99975
James T. Fitzgerald, Esquire
PA S. Ct. I.D. No. 43178
Marla A. Macey, Esquire
PA S. Ct. I.D. No. 65774
The Wanamaker Building
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, Pennsylvania  19107
(215) 963-9333

| | |
|---|---|
| Donald W. Nees, Sr. and Evelyn R. Nees, his wife | : IN THE COURT OF COMMON |
| 319 New Brooklyn Road | : PLEAS OF PHILADELPHIA |
| Berlin, NJ 08009 | : COUNTY, PENNSYLVANIA |

Donald W. Nees, Sr. and Evelyn R.        :    IN THE COURT OF COMMON
Nees, his wife                           :    PLEAS OF PHILADELPHIA
   319 New Brooklyn Road            :    COUNTY, PENNSYLVANIA
   Berlin, NJ 08009                 :
                                         :    OCTOBER TERM, 2000
                                         :    NO. 3559
                                         :    AMENDED COMPLAINT
                     Plaintiffs,         :    PERSONAL INJURY
                                         :    CIVIL ACTION -
V.                                       :    Defendants
                                         :    ASBESTOS - 2090
AC&S, Inc.,et al.,                       :    JURY TRIAL DEMANDED
        Defendants                       :

PRESENTED FOR REVIEW
02 JUN -6 PM 2:30
PROTHY

### NOTICE

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, PA  19107   Telephone:
(215) 238-1701

### AVISO

LE HAN DEMANDADO A USTED EN LA CORTE.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en form excrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que used cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATEMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASOCIACION DE LICENCIADOS DE FILADELFIA
One Reading Center
Philadelphia, PA  19107
Telefono:  (215) 238-1701

LAW OFFICES OF PETER G. ANGELOS, P.C.
Firm I.D. #99975
Edward P. Monaghan, Esquire
PA S. Ct. I.D. No. 45775
James T. Fitzgerald, Esquire
PA S. Ct. I.D. No. 43178
Marla A. Macey, Esquire
PA S. Ct. I.D. No. 65774
The Wanamaker Building
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, Pennsylvania  19107
(215)  963-9333

| | | |
|---|---|---|
| Donald W. Nees, Sr. and Evelyn R. Nees, his wife | * | IN THE COURT OF |
| | * | COMMON PLEAS OF |
| 319 New Brooklyn Road | * | PHILADELPHIA COUNTY |
| Berlin, NJ 08009 | * | |
| | * | PENNSYLVANIA |
| | * | |
| Plaintiffs | * | OCTOBER TERM, 2000 |
| | * | No. 3559 |
| VS. | * | AMENDED COMPLAINT - |
| | * | PERSONAL INJURY |
| | * | |
| | * | CIVIL ACTION - |
| A C & S, Inc.  001 | * | ASBESTOS - 2090 |
| 120 N. Lime Street | * | |
| Lancaster, Pennsylvania  17602 | * | JURY TRIAL DEMANDED |
| | * | |
| and | * | |
| | * | |
| ABEX CORPORATION 046 | * | |
| Corporation Service Company | * | |
| 2704 Commerce Drive Suite B | * | |
| Harrisburg,  PA  17110 | * | |
| | * | |
| and | * | |
| | * | |

1

```
AMCHEM PRODUCTS, INC.  229          *
c/o C.T. Coporation System          *
1515 Market Street                  *
Philadelphia, PA  19109             *
                                    *
        and                         *
                                    *
AMERICAN STANDARD, INC. 2251        *
c/o C.T. Coporation System          *
1515 Market Street                  *
Philadelphia, PA  19109             *
                                    *
        and                         *
                                    *
ATLANTIC RICHFIELD COMPANY 2323     *
c./o CT Corporation Systems         *
1515 Market Street                  *
Philadelphia, PA 19103              *
                                    *
        and                         *
                                    *
BORG WARNER CORPORATION I55         *
c/o CT Corporation System           *
1515 Market Street                  *
Philadelphia, PA 19103              *
                                    *
        and                         *
                                    *
                                    *
BRAND INSULATIONS, INC. 057         *
c/o CT Corporation System           *
1515 Market Street                  *
Philadelphia, PA 19103              *
                                    *
                                    *
        and                         *
                                    *
B.F. GOODRICH COMPANY 2419          *
c/o CT Corporation System           *
1515 Market Street                  *
Philadelphia, PA 19103              *
```

```
                                    *
CHEVRON U.S.A., INC. d/b/a          *
CHEVRON PRODUCTS COMPANY 8046       *
Corporation Service Center          *
2704 Commerce Drive                 *
Suite B                             *
Harrisburg, PA 17110                *
                                    *
        and                         *
                                    *
CLAYTON DUBILIER & RICE  2692       *
c/o The Corporation Trust Company   *
1209 Orange Street                  *
Wilmington, DE  19801               *
                                    *
        and                         *
                                    *
DAIMLER CHRYSLER CORPORATION, f/k/a *
CHRYSLER MOTORS CORPORATION, f/k/a  *
CHRYSLER CORPORATION 433            *
12000 Chrysler Drive                *
Detroit, MI 48288-0001              *
                                    *
        and                         *
                                    *
CLEAVER-BROOKS, INC.   155          *
A Division of Aqua-Chem, Inc.       *
c/o C.T. Coporation System          *
1515 Market Street                  *
Philadelphia, PA  19109             *
                                    *
                                    *
        and                         *
FORD MOTOR COMPANY 105              *
c/o Sidney Kelly                    *
The American Road                   *
Dearborn, MI 48121                  *
                                    *
        and                         *
                                    *
FOSTER-WHEELER CORPORATION   131    *
Worldwide Headquarters              *
```

3

```
Perryville Corporate Park             *
P.O. Box 4000                         *
Clinton, NJ 08809-4000                *
        and                           *
                                      *
GENERAL MOTORS CORPORATION 3225       *
c/o CT Corporation Trust              *
1515 Market Street                    *
Philadelphia, PA 19103                *
                                      *
        and                           *
                                      *
GENERAL ELECTRIC I64                  *
3515 Easton Turnpike                  *
Fairfield, CT 06432                   *
                                      *
        and                           *
                                      *
H.B. SMITH COMPANY, INC. 157          *
47 Westfield Industrial Park   Road   *
Westfield, MA 01085                   *
                                      *
        and                           *
                                      *
HONEYWELL INTERNATIONAL INC. f/k/a    *
ALLIED SIGNAL, INC. successor to      *
Bendix Corporation 280                *
c/o CT Corporation System             *
1515 Market Street                    *
Philadelphia, PA 19103                *
                                      *
        and                           *
                                      *
PFIZER, INC.  102                     *
235 East 42nd Street                  *
New York, New York   10017            *
                                      *
        and                           *
                                      *
```

```
                                        *
        and                             *
                                        *
RAPID AMERICAN CORPORATION 4095         *
Corporation Service Company             *
2704 Commerce Drive Suite B             *
Harrisburg,  PA   17110                 *
                                        *
                                        *
        and                             *
                                        *
UNIROYAL, INC   043                     *
(Individually and as successor-in-      *
interest to the United States           *
Rubber Company, Inc.)                   *
c/o CDU Holding Inc. Liquidating        *
Trust                                   *
70 Great Hill Road                      *
Naugatuck, CT 06770                     *
                                        *
        and                             *
                                        *
VIACOM, INC. succesor by merger to      *
CBS CORPORATION f/k/a WESTINGHOUSE       *
ELECTRIC I4934                          *
c/o Asbestos Litigation Support Mgr.    *
Eckert Seamans Cherin & Mellott, LLC    *
Case Management and Technology Ctr.     *
Gulf Tower, 5th Floor                   *
707 Grant Street                        *
Pittsburgh, PA 15219                    *
                                        *
        and                             *
                                        *
WEIL MCLAIN, A DIVISION OF THE          *
MARLEY COMPANY, A WHOLLY OWNED          *
SUBSIDIARY OF UNITED DOMINION           *
INDUSTRIES, INC. 163                    *
c/o C.T. Coporation System             *
1515 Market Street                      *
Philadelphia, PA  19109                 *
```

## AMENDED SHORT FORM COMPLAINT

AND NOW come, Donald W. Nees, Sr. and Evelyn R. Nees, by and through his attorneys, Edward P. Monaghan, James T. Fitzgerald, Marla A. Macey, and the Law Offices of Peter G. Angelos, and file this Complaint and in support thereof aver the following:

1. Plaintiffs incorporate by reference Plaintiffs' Master Long Form Complaint in Re: Asbestos Litigation in Philadelphia Court of Common Pleas, filed as of October Term 1986, No. 8610-0001 as though set forth in its complete text. Pursuant to an Order dated July 30, 1986 and signed by the Honorable Richard B. Klein and the Honorable Edward J. Blake the following short form complaint is utilized in this asbestos action.

2. Plaintiffs would also name as defendants the Johns-Manville Corporation, the Johns Manville Sales Corporation, UNARCO, Amatex Corporation, Forty Eight Insulators Incorporated, Wallace and Gale Company, Nicolet Industries, Pacor, Inc., Raymark Industries Inc., Raymark Corporation and Raytech, DI Distributors Inc. f/k/a Delaware Insulation Company, Inc., Carey Canada, Celotex Corporation, Eagle Picher Industries, Inc., Keene Corporation, Rock Wool Manufacturing Co., H.K. Porter Company, Inc., Armstrong World Industries, Inc., GAF Corporation, Owens Corning, Fibreboard Corporation, U.S. Mineral Products, United States

6

Gypsum, W.R. Grace Co.-Conn. and T&N Plc.,; however, each of

these potential defendants has filed for relief or been forced

into involuntary bankruptcy under Chapter 11 of the Bankruptcy

Code and, pursuant to 11 U.S.C. Section 362, the institution of

actions against these companies is stayed.   Plaintiffs would

have brought suit against the companies enumerated in this

paragraph but for the automatic stay.

3.   Defendant, Rapid-American Corporation, is a corporation duly

organized and existing under the laws of the State of Delaware

with its registered agent being in c/o Prentice Hall Corp.

System, 319 Market Street, Harrisburg, PA  17101.

4.   Defendant, Rapid-American Corporation, is liable to the

plaintiffs for all damages caused or substantially caused by

asbestos containing products of Philip Carey Manufacturing

Corporation and or Philip Carey Manufacturing Company.

5.   Rapid-American Corporation and\or its predecessors merged

with, and explicitly and impliedly assumed the liabilities of,

Glen Alden Corporation after Glen Alden Corporation had merged

with, and explicitly and impliedly assumed the liabilities of,

Philip Carey Manufacturing Corporation.

6.   Glen Alden Corporation also formed a subsidiary, Philip Carey

Manufacturing Company, which continued to conduct the asbestos

business.

7.   The corporate relationship between Rapid-American Corporation

and Glen Alden Corporation, and Glen Alden's merger and

subsequent formation of a separate asbestos company, as well as

Rapid-American's express and implied assumption of all

liabilities at every stage of every merger involving a

predecessor corporation and Philip Carey Manufacturing Company

and Philip Carey Manufacturing Corporation are the basis of

Rapid-American Corporation's liability in this matter.

8.   At all times material hereto, Philip Carey Manufacturing

Company and Philip Carey Manufacturing Corporation mined,

manufactured, produced, distributed and sold asbestos products

which were used within the Commonwealth of Pennsylvania,

including, but not limited to:  Hightemp Pipecovering and Block,

85% Magnesia Pipecovering and Block, Air Cell Covering, Fibrous

Adhesive Bonding, Careytemp Bonding, 7-m-90 Asbestos Shorts,

Insulation Cement, Vitracel Cement (Refractory Finishing), LF 20

Asbestos Cement (long fiber), No. 100 Asbestos Cement (hard

finish), No. 303 Asbestos Cement, Asbestos Cement, MW-50 Cement,

No. 707 Insulating Cement, Thermotex-B Mastic and asbestos

shingles, roofing products and asbestos paper.

9.   Defendant, Uniroyal Inc., formerly known as United States

8

Rubber Co., is a corporation duly organized and existing under the laws of the State of New Jersey with its corporate headquarters located at 70 Great Hill Road, Naugatuck, CT 06770.

10. At all times material hereto, Uniroyal, Inc., formerly known as United States Rubber Co., manufactured, produced, distributed and sold asbestos containing products which were used within the Commonwealth of Pennsylvania, including but not limited to: Asbeston yarns, tapes and fabrics. The fabrics were woven into a variety of products not limited to, asbestos containing safety clothing, insulation jacketing and fire blankets.

11. At the direction and control of Clayton & Dubilier, Inc., CDU Acquisition Inc. acquired all outstanding shares of Defendant Uniroyal, Inc.'s common stock in 1985. At that time, CDU Acquisition, Inc. was wholly-owned by Clayton & Dubilier, Inc. Clayton & Dubilier, Inc. changed its corporate name to Clayton Dubilier & Rice, Inc. in or around 1993. Clayton Dubilier & Rice, Inc. is the successor in interest to Clayton and Dubilier, Inc. Clayton & Dubilier, Inc. had acquired Uniroyal, Inc., upon information and belief, for the purpose of dismantling its corporate structure and selling off its assets at a profit inuring to Clayton & Dubilier, Inc. Clayton & Dubilier, Inc. expressly and impliedly assumed the liabilities of Uniroyal, Inc.

9

upon the purchase of all shares of common stock of Uniroyal, Inc.

Clayton & Dubilier, Inc. and Clayton Dubilier & Rice, Inc. as

successor in interest have not otherwise provided for the

satisfaction of contingent liabilities of Uniroyal, Inc. from the

funds it derived upon the sale of Uniroyal, Inc.'s assets.

Defendant, Uniroyal, Inc., was liquidated in 1986.

12. Defendant, Clayton Dubilier & Rice, Inc., is a corporation

duly organized and existing under the laws of the State of

Delaware with its registered agent being in c/o The Corporation

Trust Company 1209 Orange Street, Wilmington, DE 19801.

13. Defendant, Honeywell International Inc. f/ka/ Allied Signal,

Inc., successor to Bendix Corporation, sued in its corporate

capacity, and as a successor in interest to inter alia, Allied

Corp. and Allied Signal, Inc. Defendant Allied Signal, Inc. is a

Delaware based corporation with its principle place of businesss

located at Columbia Road and Park Avenue, Morristown, NJ 07962.

At all times material hereto, it or its predecessor(s) in

interest manufactured and/or sold, among other products, asbestos

containing brake shoes, linings, blocks and pads and other

asbestos-containing brake related automotive products.

14. Defendant ABEX CORPORATION is a Delaware based corporation

located at 485 Frontage Road Burr Bridge, Illinois 60521. At all

10

times material hereto it or its predecessor(s) in interest
manufactured and/or sold, inter alia, among other products,
asbestos containing brake shoes, linings, blocks and pads and
other asbestos containing brake related automotive products.

15. Defendant B.F. Goodrich Company, sued in its corporate
capacity, and as a successor in interest to inter alia, Goodrich
B.F. Company and B.F. Goodrich with its registered office at c/o
CT Corporation System, 1515 Market Street, Philadelphia, PA 19103
Defendant, B.F. Goodrich Company manufactured and/or sold, among
other products, automotive brake products.

16. Defendant, Borg Warner Corporation, is a corporation duly
organized and existing under the laws of the State of Michigan
with a principle place of business at 615 Griswold, Detroit
Michigan with its registered agent at 1515 Market Street,
Philadelphia, PA 19109. At all times material hereto, defendant
Borg Warner Coporation, manufactured, produced and/or sold
asbestos products, either directly or indirectly to the employers
of the plaintiffs and/or its predecessors, asbestos products
including, but not limited to, asbestos brake shoes, asbestos
brake linings and other asbestos friction products.

17. Defendant Daimler Chrysler Corporation, f/k/a Chrysler
Motors Corporation, f/k/a Chrysler Corporation is a Michigan

11

based corporation with its main office located at 12000 Chrysler

Drive, Detroit, Michigan 48282.  At all times material hereto it

or its predecessor(s) in interest manufactured and/or sold, inter

alia, among other products, asbestos containing brake shoes,

linings, blocks and pads and other asbestos containing brake

related automotive products.

18. Defendant Ford Motor Company is a Michigan based corporation

with its main office located at the American Road, Dearborn,

Michigan, 48121.  At all times material hereto it or its

predecessor(s) in interest manufactured and/or sold inter alia,

among other products, asbestos containing brake shoes, linings,

blocks and pads and other asbestos containing brake related

automotive products.

19.  Defendant General Motors Corporation is a Pennsylvania

corporation with its registered agent at c/o CT Corporation

System, 1515 Market Street, Philadelphia, PA 19103.  At all times

material hereto, it or its predecessor(s) in interest

manufactured and/or sold, among other products, asbestos

containing brakes, linings and motors for automotive

installations.

20.  Defendant American Standard Inc. is a Delaware Corporation

with its principle place of business in New York and is doing

12

business in the Commonwealth of Pennsylvania.   It is the

successor in interest to Westinghouse Air Brake Co., which sold

asbestos-containing products such as, but not limited to,

gaskets, brake shoes and brake linings.    American Standard, Inc.

or its other predecessor, Ideal, sold asbestos containing boilers

and cement to which plaintiff was exposed.

21. Defendant H.B. Smith Company, Inc., sued in its corporate

capacity with its main office at 47 Westfield Industrial Park

Road, Westfield, MA 01085.  Defendant, H.B. Smith Company, Inc.

manufactured, produced and sold, among other products, asbestos

containing rope, wick, insulating cement, furnace cement, fill

and millboard for use during installation of its boilers.

22.  Defendant Weil McLain Company, A division of the Marley

Company, a wholly owned subsidiary of United Dominion Industries,

Inc.,   which is a corporation organized and existing under the

laws of the State of Delaware with its principle place of

business in Kansas which is doing business in the Commonwealth of

Pennsylvania.  At all times material hereto, Defendant Weil-

McLain, manufactured, produced and sold, either directly or

indirectly, in the geographical area in which the plaintiffs

worked and/or to the employers of plaintiffs and/or to

contractors on job sites on which plaintiffs worked, asbsestos

13

products.

23. Defendant, Cleaver-Brooks, Inc., is a Delaware corporation with a principle place of business located in Lebanon, Pennsylvania. At all times material hereto Cleaver-Brooks, Inc. sold boilers which were designed or intended to be insulated with asbestos. Because the boilers failed to contain adequate and sufficient warnings of the possible hazards of asbestos, they were defective and the conduct of the defendant in selling those products without such warnings was negligent. Since asbestos insulation on the boilers had to be removed, it was dangerous and warnings should have been given.

24. Defendant, Viacom, Inc. successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation with its registered office at Gateway #6, 2nd Floor, 11 Stanwix Street, Pittsburgh, Pennsylvania 15222. Defendant Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation manufactured various products, including but not limited to electrical products, gaskets, valves, packing, brakes, and machinery which either contained asbestos or required the installation of asbestos.

25. This Complaint alleges the claims of the following persons:

    a. Plaintiff-Husband ("plaintiff"):

14

Name: Donald W. Nees, Sr.

Address: 208 Yale Avenue, Stratford, NJ 08084

Social Security No. 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

Date of Birth: 01/10/37

b.  Plaintiff- Spouse

Name: Evelyn R. Nees

Address: 208 Yale Avenue, Stratford, NJ 08084

26.  The defendants are those companies listed in the caption of this complaint.

27.  Plaintiff was employed by various employers at various locations and at each location was exposed to the asbestos products of the defendants herein.

28.  At all times from 1960 to the present Plaintiff was a member of the Electricians Local Union 98.

29.  The aforementioned Local 98 maintains its principle place of business, and operates a hiring hall, at 1719 Spring Garden Street, Philadelphia, Pennsylvania  19130-3906.

30.  Plaintiff as a skilled building tradesman and member of Local 98 was assigned to job sites designated in the City of Philadelphia and surrounding counties.

31.  At various times during his adult life, Plaintiff regularly performed automotive repairs, including brake work through which

15

plaintiff was exposed to the asbestos products of the defendants herein.

32.   The air Plaintiff breathed was contaminated with asbestos dust and fibers shed by asbestos products sold, manufactured or distributed by the defendant corporations and each of them during the period 1960 to 1995 while he was employed by the various employers averred in paragraph 15 above.

33.   Plaintiff first learned of the injury for which he is making his claim on or about June 30, 2000.

34.   Plaintiff was first diagnosed as having an asbestos related injury on or about June 30, 2000.

35.   Plaintiff currently is suffering from shortness of breath, asbestos pleural disease and other asbestos lung disease.

36.   A claim for lost wages is not asserted at this time.

WHEREFORE, Plaintiffs demand judgment against all defendants named in this Complaint, and each of them, in an amount in excess of fifty thousand dollars ($50,000.00) for compensatory damages and in excess of fifty thousand dollars ($50,000.00) for punitive damages, plus costs, attorney's fees and such further relief as may be appropriate.

COUNT XI: Premises Liability

16

37.   Plaintiffs repeat, reiterate and reallege each and every
allegation contained in paragraphs "1 through 36" with the same
force and effect as if hereinafter set forth at length.

38.   Defendant Atlantic Richfield Company is a Delaware
corporation which regularly conducts business in the County of
Philadelphia and in the Commonwealth of Pennsylvania with its
principle place of business at 515 South Flower Street, Los
Angeles, California.   Defendant Atlantic Richfield Company did
business under the name Atlantic Refining Company.   At all times
material hereto, upon information and belief, defendant Atlantic
Richfield Company did own fully or partially, lease, manage, work
upon and/or control the oil refinery located in Philadelphia,
Pennsylvania, known at all times material hereto as the Atlantic
Refinery and subsequently ARCO Refinery.

39.   Defendant Chevron U.S.A., Inc. d/b/a Chevron Products
Company is a Pennsylvania corporation which regularly conducts
business in the County of Philadelphia and in the Commonwealth of
Pennsylvania with its principle place of business at 225 Bush
Street, San Francisco, California.   At all times material hereto,
upon information and belief, defendant Chevron, U.S.A. Inc. did
own fully or partially, lease, operate, manage, work upon and/or
control the oil refinery located in Philadelphia, Pennsylvania,

17

known at times material hereto as Chevron Refinery.   Chevron
U.S.A., Inc. is the successor of Gulf Oil.

40.   This count is brought by the Plaintiff solely against
Defendants, Atlantic Richfield Company and Chevron, U.S.A. Inc.
d/b/a Chevron Products Company (hereinafter referred to
collectively as the "Premise Liability Defendants") and is
brought in addition to the allegations contained in the Master
Long Form complaint, which are incorporated herein by reference
as though set forth in their complete text.

41.   On numerous occasions and for substantial periods of time
the Plaintiff was invited onto and lawfully entered upon property
owned and controlled by the Premises Liability Defendants as a
business invitee.   The Plaintiff had been specifically requested
to perform work and services for the benefit and aid of said
Defendants on these occasions.   At all such times, Plaintiff was
employed by corporations other than the Premises Liability
Defendants.

42.   The Premise Liability Defendants, and each of them, owed a
duty to the Plaintiff to use due care to maintain their property
free of unreasonably dangerous and defective conditions and to
adequately warn the Plaintiff of existing dangerous and defective
conditions on the premises.

18

43. While upon property owned and controlled by the Premises Liability Defendants as a business invitee, Plaintiff was exposed to, and breathed dust shed by, large quantities of asbestos-containing products.

44. At all times complained of herein the Premises Liability Defendants knew or should have known large quantities of asbestos-containing products were present upon their premises.

45. At all times complained of herein the Premises Liability Defendants knew or should have known the asbestos-containing products released dangerous levels of airborne asbestos fibers during application, deterioration and removal.

46. At all times complained of herein the Premises Liability Defendants knew or should have known the plaintiff would necessarily work with, around, or in close proximity to these asbestos-containing products while they were being applied, removed or in the process of deteriorating and would inhale large quantities of asbestos fibers.

47. At all times complained of herein the Premises Liability Defendants knew or should have known the inhalation of asbestos fibers could cause pleural disease, asbestosis, lung carcinoma, malignant mesothelioma, carcinoma of the gastrointestinal tract, and other malignant and non-malignant diseases.

19

48.    At all times complained of herein, the Premises Liability
Defendants knew or should have known Plaintiff was unaware of the
dangers associated with asbestos exposure, or the full magnitude
of that danger, and therefore was not capable of taking adequate
measures to protect himself.

49.    At all times complained of herein the Premises Liability
Defendants failed to otherwise exercise control as owners of
their property in a manner calculated to maintain their premises
free of asbestos, an unnecessarily dangerous and defective
condition, and thereby protect the health of their business
invitees.

50.    At all times complained of herein the Premises Liability
Defendants failed to remove and contain the asbestos materials so
as to render the premises safe.

51.    At all times complained of herein the Premises Liability
Defendants failed to cease and discontinue further installation
of asbestos-containing products on their premises.

52.    The Premises Liability Defendants knew or should have known
of the conditions set forth in paragraphs 37 through 53 and at
all times complained of herein were in a superior position to
that of the Plaintiff to know the dangers of asbestos.    The
Premises Liability Defendants were negligent in their failure to

warn the Plaintiff and other persons similarly situated of the

dangerous and defective condition of the premises brought by the

presence of asbestos.

53.  The actions or omission of the Premises Liability Defendants

set forth in Paragraph 37 through 53 of this Complaint were the

cause of or were a significant contributing factor in bringing

about the physical injuries set forth in Paragraph 35 of this

complaint and all damages suffered by the Plaintiff resulting

from these physical injuries.

    WHEREFORE, in addition to, or in the alternative to the

relief requested in Counts I through X supra, Plaintiff demands

judgment against Atlantic Richfield Company and Chevron, U.S.A.

d/b/a Chevron Products jointly and severally as to themselves and

each and every other defendant named in this Complaint in an

amount of in excess of Fifty Thousand Dollars ($50,000.00) for

compensatory damages and Fifty Thousand Dollars ($50,000.00) for

punitive damages, plus costs, attorney's fees and such further relief as may be appropriate.

LAW OFFICE OF PETER G. ANGELOS, P.C.

BY: _Marla A Macey_

Marla A. Macey, ESQUIRE
LAW OFFICES OF PETER G. ANGELOS, P.C.
The Wanamaker Building
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, PA  19107
(215) 963-9333

22

I verify that the statements made in this Amended
Complaint are true and correct.  I understand that false
statements herein are made subject to the penalties of 18
Pa. C.S.  Section 4904 relating to unsworn falsification to
authorities.

Dated _2/4/02_             x _Donald W. Nees Sr._

                           x _Evelyn Nees_

LAW OFFICES OF PETER G. ANGELOS, P.C.
Edward P. Monaghan, Esquire
Pa. S. Ct, I,.D. No.  45775
James T. Fitzgerald, Esquire
PA S. Ct. I.D. No.   43178
Marla A. Macey, Esquire
PA S . Ct. I.D. No. 65774
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, PA 19107
(215) 963-9333

| | | |
|---|---|---|
| Donald W. Nees, Sr. and Evelyn* | * | IN THE COURT OF COMMON |
| R. Nees, his wife | * | PLEAS OF PHILADELPHIA |
| | * | |
| 319 New Brooklyn Road | * | COUNTY, PENNSYLVANIA |
| Berlin, NJ 08009 | * | |
| | * | |
| | * | OCTOBER TERM, 2000 |
| | * | |
| Plaintiff | * | NO. 3559 |
| VS | * | |
| | * | AMENDED COMPLAINT |
| AC&S, Inc., et al | * | PERSONAL INJURY |
| | * | |
| | * | CIVIL ACTION |
| Defendants | * | ASBESTOS - 2090 |
| | * | JURY TRIAL DEMANDED |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

     This is to certify that this is a true and correct copy of

the foregoing Amended Complaint in the above captioned

case.

                    LAW OFFICES OF PETER G. ANGELOS, P.C.

                    BY: *Marla A Macey*
                    _____
                    Marla A. Macey, Esquire
                    Law Offices of Peter G. Angelos, P.C.
                    100 Penn Square East
                    Suite 1050, Tenth Floor
                    Philadelphia, PA 19107
                    (215)963 9333

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: FEDERAL-MOGUL    :    Chapter 11
GLOBAL, INC., T&N       :    Case Nos. 01-10578, et al.[1]
LIMITED, et al.,        :
                        :
       Debtors.         :
------------------------

## ORDER OF CLARIFICATION RE:
## PROVISIONAL TRANSFER OF FRICTION PRODUCTS CLAIMS

This matter having been opened upon the Court's own motion;
and the Court having withdrawn the reference with respect to
several motions to transfer and to provisionally transfer (the
"Transfer Motions") claims pending in the several United States
District Courts against defendant manufacturers of so-called
"friction products" (respectively the "Friction Products Claims"
and the "Friction Products Defendants") previously removed by the
Friction Products Defendants from the several state courts; and
for the reasons set forth in the letter opinion of the Court
filed herewith; and for good cause shown

It is this    day of January, 2002

ORDERED that this Order governs all Provisional Transfer
Orders whether already issued by the Court or that may be issued
in the future and those Orders shall not be construed in a manner
inconsistent with the terms of this Order, and it is further

ORDERED that the Provisional Transfer Orders are limited in

---

[1]See attached list.

effect to only those claims against the Friction Products
Defendant(s) identified in the respective moving papers and
Provisional Transfer Orders and that no other claims and no other
parties are affected by the Provisional Transfer Orders, and it
is further

ORDERED that any Friction Product Claim that would have been
subject to a Provisional Transfer Order previously issued by this
Court but for the fact that such Friction Product Claim had not
yet been removed on the date the Provisional Transfer Order was
issued is hereby provisionally transferred to this Court subject
to further Order of this Court, and it is further

ORDERED that counsel identified in the Court's previous
Provisional Transfer Orders shall provide to claimants
provisionally transferred by this Order such notice and waivers
of further service as was specified in the relevant previous
Orders, and it is further

ORDERED that claimants provisionally transferred by this
Order shall not be subject to the briefing schedule with respect
to the Transfer Motion, and shall file no papers in opposition to
the Transfer Motion except as provided by further Order of this
Court.

                         /s/_____
                         ALFRED M. WOLIN, U.S.D.J.


                              2

**IN RE: FEDERAL-MOGUL GLOBAL, INC.**
      **Case Numbers**

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |

```
01-10637        01-10696        01-10746
01-10638        01-10697        01-10747
01-10640        01-10698        01-10748
01-10641        01-10699        01-10749
```

# EXHIBIT "B"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                          :
                                :        **CHAPTER 11**
**FEDERAL-MOGUL GLOBAL, INC.,** :
                                :        **BANKRUPTCY NO. 01-10587**
                Debtor.         :        **(jointly administered)**

## ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

1

ORDERED that the motions to transfer the Friction Products Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1452.

Alfred M. Wolin, U.S.D.J.

# EXHIBIT "C"

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-1426

In Re: Federal-Mogul Global, Inc., et al.

Daimler Chrysler Corporation, Ford Motor
Company and General Motors Corporation,
Appellants

(DC No. 01-10578 (AMW))

Present:    Scirica, Circuit Judge

1) Emergency Motion for Stay Pending Appeal by Appellants

_____ O R D E R _____

The forgoing Motion for stay is granted temporarily in order for the Court to receive responses to
the motion from opposing counsel and for full consideration of the matter by a three judge panel.
Appellees' shall file written responses to the motion for stay on or before 10:00 am, Friday,
February 15, 2002.

For the Court,

Clerk

Dated: FEB 1 1 2002
DSc/cc: CL , EW , EI
RM , AR , PK
ME · JK , WW
RP , JSG

EXHIBIT "D"

Page 1
Edward Finch - schedulingorder.pdf

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Nos. 02-1426, 02-1491, 02-1492, 02-1588, 02-1652, 02-1664, 02-1688 and 02-1741


IN RE: Federal-Mogul Global, Inc.


PRESENT:    Becker, Chief Judge


## ORDER

The following briefing schedule is hereby established in these consolidated appeals:

April 8, 2002:  Appellants' joint opening brief on the merits of the district court's decision (14,000 words);

April 26, 2002:  Appellees' joint response brief on the merits of the district court's decision and appellees' objections to appellate jurisdiction (21,000 words);

May 10, 2002:  Appellants' joint reply brief on the merits of the district court's decision and response on appellate jurisdiction (21,000 words);

May 16, 2002:  Appellees' joint reply brief on appellate jurisdiction (7,000 words).

It is expected that the various appellants and appellees will join in these joint briefs to the greatest extent practicable. However, an individual appellant or appellee may file a separate brief addressing discrete issues particular to that party, as long as those issues are not merely repetitive of the arguments advanced in the joint brief. Such separate briefs are due on the same date as the joint brief addressing the relevant issues. The foregoing word limitations are established for the joint briefs without prejudice to motions for extension of those limitations if necessary to respond to the separate submissions.

A brief will be considered timely filed if it is deposited with an express mail service on the due date for overnight delivery on the next business day. In addition, all briefs shall be served on all parties by e-mail by 5:00 p.m. Eastern time on the due date. A list of e-mail addresses is attached to this order.

Edward Finch - schedulingorder.pdf

Oral argument will be held on June 17, 2002.  The time will be fixed by the panel.  The allocation of oral argument time will be as follows:

Appellants' opening argument: 1 hour

Appellees' argument: 1 hour, 20 minutes

Appellants' rebuttal: 20 minutes

The parties will determine an appropriate allocation of argument time for various counsel within these aggregate allotted times.

The temporary stay entered by this Court on February 11, 2002, as clarified by the order of March 19, 2002, will remain in effect until further order of the merits panel.


By the Court,


_____
Chief Judge


Date:  MAR 2 5 2002
mb/cc: All counsel of record

**ATTACHMENT: e-mail addresses for service**

Appellants' counsel:

Ford Motor Company, General Motors Corporation, DaimlerChrysler Corporation:

David M. Bernick (david_bernick@chicago.kirkland.com)
Christopher Landau (clandau@dc.kirkland.com)
Eric B. Wolff (ewolff@dc.kirkland.com)

Honeywell:

Thomas F. Campion (thomas.campion@dbr.com)
Kenneth J. Wilbur (kenneth.wilbur@dbr.com)
Michael J. Reynolds (michael.reynolds@dbr.com)

International automakers:

David Wilks (wilksd@whitewms.com)
Chris Singewald (singewaldc@whitewms.com)

Official Unsecured Creditors Committee:

Robert B. Millner (RMillner@sonnenschein.com)

Hennessy Indus., Inc.:

Paul Day (paul.day@piperrudnick.com)
Henry A. Heiman (hheiman@hagblaw.com)

Holman Enterprises, B.F. Goodrich, Salvo Auto Parts:

Lee Baylin (leebaylin@baylinlaw.com)
Michael A. Stover (mstover@wtplaw.com)
Douglas F. Murray (dmurray@wtplaw.com)

Appellees' counsel:

Official Committee of Asbestos Claimants

Elihu Inselbuch (ei@capdale.com)
Trevor W. Swett III (tws@capdale.com)

Ad Hoc Committee of Asbestos Claimants

Alan Rich (arich@baronbudd.com)
Charles S. Siegel (siegel@awpk.com)
Robert T. Haefele (RHaefele@Wilentz.com)
Nancy Davis (ndavis@nmlrp.com)

### Kaeske-Reeves Claimants - Beaty, Salter, and Sturdevant

Kay Reeves (kreeves@kaeske-reeves.com)
J. Bradshaw (jbradshaw@kaeske-reeves.com)
Michael B. Pullano (mpullano@mccarter.com)

### Waters & Kraus plaintiffs/Unofficial Committee of Select Asbestos Claimants

Charles S. Siegel (siegel@awpk.com)

## Counsel for Federal-Mogul

Laura Davis Jones (ljones@pszyj.com)