# IN THE UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

| | |
|---|---|
| Address of Plaintiff: | Donald W. Nees, Sr. and Evelyn R. Nees, his wife<br>319 New Brooklyn Road<br>Berlin, NJ 08009 |
| Address of Defendant: | See attached List |
| Place of Accident, incident or Transaction: | Various |
| | *(Use Reverse Side for Additional Space)* |

Does this case involve multidistrict litigation possibilities?    Yes ■    No ☐

*RELATED CASE IF ANY*

Case Number:  01-CV-5981    Judge _____    Date Terminated:  N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ■

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ■    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No ■

CIVIL: (Place an ☒ in *ONE CATEGORY ONLY*)

A.  *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act — Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ■ All other Federal Question Cases (please specify)-Related to Chapter 11 Filing

B.  *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    *Attorney-at-Law* _____    *Attorney I.D. #* _____

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    *Attorney-at-Law* _____    *Attorney I.D. #* _____

CIV. 609 (9/99)

## Defendants (Names and Addresses):

DaimlerChrysler Corporation
1000 Chrysler Driver
Auburn Hills, MI 48326-2766


Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568


General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000


Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

    Fel-Pro, Inc.,

    Ferodo America, Inc.,

    Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

    Moog Automotive Inc., formerly known as Wagner Electric Corporation,

    Pneumo Abex Corp., or

    T&N plc.

    2655 Northwestern Highway
    Southfield, MI 48034

JS44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Donald W. Nees, Sr. and Evelyn R. Nees, his wife

**DEFENDANTS**
SEE ATTACHED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James T. Fitzgerald, Esquire
The Wannamaker Building
100 Penn Square East - Suite 1050 Tenth Floor
Philadelphia, PA 19107
(215) 963-9333

ATTORNEYS (IF KNOWN)
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street - Suite 1000
Philadelphia, PA 19106
(215) 627-0303

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ■ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Action for personal injury for asbestos exposure against Federal-Mogul Global, Inc., or companies it purchased and removing defendants, removed pursuant to 28 U.S.C. § 1452(a).

**V. NATURE OF SUIT**

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability |  | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 362 Personal Injury - Med Malpractice | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ■ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | **PERSONAL PROPERTY** | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 370 Other Fraud |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 371 Truth in Lending |  |  |  |
| **CIVIL RIGHTS** | ☐ 380 Other Personal Property Damage |  |  |  |
| ☐ 441 Voting | ☐ 385 Property Damage Product Liability |  |  |  |
| ☐ 442 Employment | **PRISONER PETITIONS** |  |  |  |
| ☐ 443 Housing/Accommodations | ☐ 510 Motions to Vacate Sentence Habeas Corpus |  |  |  |
| ☐ 444 Welfare | ☐ 520 General |  |  |  |
| ☐ 440 Other Civil Rights | ☐ 535 Death Penalty |  |  |  |
|  | ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 550 Other |  |  |  |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ■ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F R C P 23
DEMAND $ In Excess of $50,000.00
Check YES only if demanded in complaint:
JURY DEMAND ■ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____   DOCKET NUMBER 01-CV-5981

DATE: July 15, 2002
SIGNATURE OF ATTORNEY OF RECORD: Edward T. Finch, Esquire

RECEIPT# _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## Defendants (Names and Addresses):

DaimlerChrysler Corporation
1000 Chrysler Driver
Auburn Hills, MI 48326-2766


Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568


General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000


Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

    Fel-Pro, Inc.,

    Ferodo America, Inc.,

    Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

    Moog Automotive Inc., formerly known as Wagner Electric Corporation,

    Pneumo Abex Corp., or

    T&N plc.

2655 Northwestern Highway
Southfield, MI 48034

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

DONALD W. NEES, SR. and EVELYN R. NEES,
his wife

CASE NO.

V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2441 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration — Cases required to be designated for arbitration under Local Civil Rule 8.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( X )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management — Cases that do not fall into any one of the other tracks.  ( )

July 15, 2002
(Date)

_Attorney-at-law_

Edward T. Finch, Esquire
Attorney For
DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation

(Civ. 660)
12/91

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DONALD W. NEES, SR. and EVELYN R. NEES,  CASE NO.
his wife

V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

---

## NOTICE OF REMOVAL

Defendants DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation (the "automobile manufacturers") hereby give notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the claims which have been asserted against them in the action captioned Donald W. Nees, Sr. and Evelyn R. Nees, his wife v. AC&S, Inc., et al. now pending in the Court of Common Pleas of Philadelphia County, at No. 0010-3559. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), and as grounds for removal the automobile manufacturers state the following:

1. The action of which the removed claims are a part was commenced in the Court of Common Pleas of Philadelphia County.

2. The removed claims are those for personal injury or wrongful death asserted against the automobile manufacturers on the basis of alleged exposure to certain of their asbestos-containing products, including brakes and other automotive parts, manufactured for the automobile

manufacturers by Federal-Mogul Global, Inc., or companies that it purchased, one or more of which is a co-defendant of the automobile manufacturers.

3. On October 1, 2001 Federal-Mogul Global, Inc. filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case number 01-10578 (the "Federal-Mogul Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware.

4. The removed claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a): (i) the removed claims are asserted in a civil action not exempt from removal; and (ii) the Court has jurisdiction of the removed claims under 28 U.S.C. § 1334. All claims asserted against the Removing Defendants are related to the Federal-Mogul Bankruptcy Case, and the continued prosecution, outcome at trial or other resolution of the claims will have an effect on the administration of the Federal-Mogul Bankruptcy Case.

5. Removal to this Court is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3) in that the Federal-Mogul Bankruptcy Case was pending when the removed claims were asserted on or after October 1, 2001 and in that this notice has been filed within 30 days of receipt by one or all of the automobile manufacturers of a copy of the initial pleading setting forth the removed claims.

6. Upon removal, the proceedings with respect to the removed claims are non-core. The automobile manufacturers do not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

7. The purpose of removal is to facilitate transfer of the removed claims to the United States District Court for the District of Delaware, the district court presiding over the Federal-Mogul Bankruptcy Case, to resolve on a consolidated basis the common threshold scientific issues concerning whether brakes and other automotive parts cause disease. *See, e.g., In re Dow Corning Corp.*, 1995 W.L. 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (personal injury tort claims transferred to bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) to resolve threshold scientific issues concerning whether silicone breast implants caused disease after removal to federal court pursuant to 28 U.S.C. § 1452(a)).

8. On November 20, 2001, the automobile manufacturers filed in the Federal-Mogul Bankruptcy Case a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer this and all other claims related to brakes and automotive parts for consolidated resolution of the threshold scientific issues concerning whether brakes and other automotive parts cause disease.

9. On December 10, 2001 the Honorable Alfred M. Wolin issued the attached Order provisionally transferring pursuant to 28 U.S.C. § 157(b)(5) the claims asserted against the automobile manufacturers to the United States District Court for the District of Delaware.

10. On January 3, 2002, Judge Wolin issued a letter opinion and order reiterating that all asbestos friction claims against the automobile manufacturers pending in federal courts as of December 10 had been transferred, and ordering any claims removed after December 10 transferred as well. A copy of the Order and Opinion are attached to this Notice.

11. On February 8, 2002, the Honorable Alfred M. Wolin denied the "Motions to Transfer the 'Friction Claims'" and simultaneously remanded the friction products claims. Attached hereto is a copy of said Order.

12. However, on February 11, 2002, the United States Court of Appeals for the Third Circuit granted a Temporary Stay of Judge Wolin's February 8, 2002 Court Order so that the matter could be considered by a three-judge panel of that court. Attached hereto is a copy of said Order.

13. The Removing Defendants file this Notice of Removal to adequately protect the interests of Removing Defendants and to facilitate transfer of these claims to the United States District Court for the District of Delaware pursuant to Judge Wolin's provisional transfer order.

14. The automobile manufacturers will comply with 28 U.S.C. § 1446(d) by promptly giving notice of the filing of this Notice of Removal to all adverse parties to the action pending in the state court and filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas of Philadelphia County.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI,
FINARELLI & GRAY

BY: _____
Edward T. Finch, Esquire
Attorney for Defendants,
DaimlerChrysler Corporation,
Ford Motor Company and
General Motors Corporation

4

## CERTIFICATE OF SERVICE

I, Edward T. Finch, Esquire, hereby certify that pursuant to 28 U.S.C. § 1446(d) written notice of the removal of this action will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Court of Common Pleas.

_____
Edward T. Finch, Esquire